**Terry D. REESE, Sr., Plaintiff,**

v.

**VIRGINIA INTERNATIONAL TERMINALS, INC., et al., Defendants.**

**No. 2:11cv216.**

United States District Court, E.D. Virginia, Norfolk Division.

Aug. 3, 2012.

---

Wayne Marcus Scriven, Virginia Beach, VA, for Plaintiff.

Dean T. Buckius, Anne G. Bibeau, Lance A. Jackson, Norfolk, VA, for Defendants.

## ORDER

F. BRADFORD STILLMAN, United States Magistrate Judge.

Before the Court is the plaintiff's motion to extend the time allowed for discovery and to compel certain witnesses to appear for deposition, filed on June 27, 2012. ECF No. 38. On July 11, 2012, defendants Virginia International Terminals, Inc. ("VIT") and International Longshoremen's Association, Local 1248 ("ILA Local 1248") each filed a brief in opposition to the plaintiff's motion. ECF Nos. 39–40. The plaintiff did not file a rebuttal brief. The motion was referred to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(A) and the Standing Order on Assignment of Certain Matters to United States Magistrate Judges (Apr. 1, 2002). Having reviewed the motion papers identified above, the Court will decide this motion on the papers, without oral hearing, pursuant to Local Civil Rule 7(J) and Rule 78(b) of the Federal Rules of Civil Procedure.

In this action, plaintiff Terry D. Reese, Sr., asserts a so-called "hybrid" Section 301 claim against VIT and ILA Local 1248. Specifically, he alleges that his former employer, VIT, breached the collective bargaining agreement governing his employment, in violation of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and that his union, ILA Local 1248, breached its duty of fair representation, implied under the scheme of the National Labor Relations Act, in connection with his grievance against VIT. *See generally DelCostello v. Int'l Bhd. of Teamsters,* 462 U.S. 151, 164–65 & n. 14, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). As alleged in the amended complaint, these claims arise from VIT's refusal to reinstate Reese's employment in June 2011, after work restrictions that previously prevented him from performing his job duties were lifted by his physician on May 26, 2011.

The plaintiff now moves pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure and Local Civil Rule 37(F) for an extension of the time allowed for him to complete discovery in this case, and pursuant to Rule 37(a) of the Federal Rules of Civil Procedure and Local Civil Rule 37(A) to compel the deposition of certain individuals, as to whom the plaintiff has previously served notices of deposition. The defendants oppose the motion on the grounds that the plaintiff has failed to establish good cause for granting an extension of time to complete discovery, and that the plaintiff has exceeded a limit of five nonparty depositions imposed by the Court's Rule 26(f) Pretrial Order in this case.

## I. *MOTION TO EXTEND DISCOVERY*

Discovery in this case commenced on January 23, 2012, when the Court entered a Rule 26(f) Pretrial Order in this case. ECF No. 27. On February 13, 2012, the Court entered a Rule 16(b) Scheduling Order in this case. ECF No. 28. Among other things, the Rule 16(b) Scheduling Order established a June 27, 2012, deadline for the plaintiff to *complete* discovery in this case. The Order further provided that: " 'Completed' means that interrogatories, requests for production, and requests for admission must be served at least thirty (30) days prior to the established completion date so that responses thereto will be due on or before the completion date." Rule 16(b) Scheduling Order ¶ 3, ECF No. 28.

### A. *Written Discovery*

■ On May 25, 2012, the plaintiff served requests for admission on both defendants. *See* Scriven Decl. Ex. 3, ECF No. 38 attach. 1. According to the attached certificates of service, these requests for admission were served by mail. *See id.* Under the Federal Rules, the defendants are required to answer these requests within thirty days after being served. Fed. R. Civ. P. 36(a)(3). Because the plaintiff opted to

serve the requests by fax and mail, rather than by personal delivery to defense counsel or the office of defense counsel, the defendants' response period was automatically extended by an additional three days under the Federal Rules. *See* Fed. R. Civ. P. 6(d) (providing an additional three days for service by mail or electronic means); *see also* Fed.R.Civ.P. 5(b) (describing available methods of service). As calculated under the Federal Rules, the defendants' answers to the requests for admission were due on June 28, 2012, one day after the discovery deadline. *See* Fed. R. Civ. P. 6(a) & (d).[1]

On May 28, 2012, the plaintiff served requests for the production of documents on both defendants by fax and mail. *See* Scriven Decl. Ex. 5, ECF No. 38 attach. 1. On May 29, 2012, the plaintiff served interrogatories on both defendants by fax and mail. *See* Scriven Decl. Ex. 4, ECF No. 38 attach. 1. As calculated under the Federal Rules, the defendants' responses to these interrogatories and requests for production were due on July 2, 2012, five days after the discovery deadline. *See* Fed. R. Civ. P. 6(a) & (d).

Under the Federal Rules, a Rule 16(b) scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also* Fed. R. Civ. P. 6(b)(1); Local Civ. R. 37(F). "The good cause provision of Rule 16(b)(4) does not focus on the prejudice to the non-movant or bad faith of the moving party, but rather on the moving party's diligence." *Lineras v. Inspiration Plumbing LLC*, No. 1:10cv324, 2010 WL 4623940, at *2 (E.D.Va. Nov.3, 2010).

The Rule 16(b) Scheduling Order was unequivocal, expressly providing that "interrogatories, requests for production, and requests for admission must be served at least thirty (30) days prior to the established completion date so that responses thereto will be due on or before the completion date." Rule 16(b) Scheduling Order ¶ 3, ECF No. 28. Given a

time period of slightly more than five months to complete its discovery, the plaintiff waited more than four months before serving any written discovery in this case, doing so only after the deadline for timely service of written discovery by mail or electronic methods. Rather than arranging for personal delivery of written discovery to the offices of defense counsel, which would have permitted the plaintiff to serve written discovery as late as May 28, 2012, the plaintiff opted to serve written discovery by fax and mail, which required service no later than May 23, 2012, to be timely. *See* Fed. R. Civ. P. 6(d) (three additional days not added for service by means described in Fed. R. Civ. P. 5(b)(2)(A) & (B)).

The plaintiff suggests that he originally deferred serving written discovery in anticipation of a ruling on his then-pending motion to disqualify counsel for one of the defendants. Once he realized that his discovery deadline was approaching and a ruling on that disqualification motion had not yet been received, he promptly served written discovery. But his service of written discovery "was inadvertently done on dates in May that would make the responses due a couple of days after plaintiff's discovery cutoff date of June 27, 2012." Pl.'s Mot. 3, ECF No. 38. The plaintiff further notes that he did so in good faith and that the defendants will not be prejudiced by an extension. *Id.* at 3, 5.

But, as noted above, the focus of the Rule 16(b)(4) good-cause inquiry is not good faith on the part of the plaintiff or lack of prejudice to the defendants, but rather the diligence of the plaintiff in serving his written discovery. *See Lineras*, 2010 WL 4623940, at *2. While it may have been reasonable for the plaintiff to defer service of written discovery initially while awaiting a ruling on the motion to disqualify, it was not diligent for him to wait until *after* the deadline for serving written discovery by mail or fax, and it was not diligent to serve his written discov-

---

1. The requests for admission were served on Friday, May 25, 2012. The thirtieth day after service then fell on Sunday, June 24, 2012. *See* Fed. R. Civ. P. 6(a)(1)(A) & (B). Because the last day of the thirty-day period fell on a Sunday, the thirty-day period continued to run until the end of the next day, Monday, June 25, 2012. *See*

Fed. R. Civ. P. 6(a)(1)(C). Because service of the requests was accomplished by fax and mail, three additional days were then added to the response period, making the defendants' answers due on Thursday, June 28, 2012. *See* Fed. R. Civ. P. 6(d); *see also* Fed. R. Civ. P. 5(b)(2)(C) & (E).

ery by mail or fax when personal service would still have been timely.

Accordingly, the motion for an extension of discovery will be denied with respect to the plaintiff's written discovery requests.

### B. *Taking of Depositions*

■ The plaintiff also requests an extension of the time to complete certain depositions. On February 11, 2012, the plaintiff served a notice of deposition on both defendants, identifying eight fact witnesses whom the plaintiff planned to depose on March 13 and 14, 2012. VIT's Resp. Br. Ex. 1, ECF No. 40 attach. 1. On February 27, 2012, defendant VIT objected on the ground that the plaintiff had noticed the deposition of more than the five nonparty, non-expert witnesses permitted by the Rule 26(f) Pretrial Order. *Id.* Ex. 2. On March 1, 2012, defendant ILA Local 1248 echoed VIT's objection. *Id.* Ex. 3. Counsel for all three parties then participated in a meet-and-confer dialogue over the course of several months, exchanging letters and e-mail messages. *See id.* Exs. 4–11; Scriven Decl. Exs. 1–2, ECF No. 38 attach. 1.

With his June 27 discovery deadline looming, the plaintiff served a new notice of deposition on both defendants on June 11, 2012, re-noticing the same eight fact witnesses for depositions to be taken on June 21 and 22, 2012. Scriven Decl. Ex. 6, ECF No. 38 attach. 1; VIT's Resp. Br. Ex. 12, ECF No. 40 attach. 1. On June 14, 2012, defendants VIT and ILA Local 1248 reiterated their objections on the ground that the plaintiff had noticed the deposition of more than five nonparty, non-expert witnesses. VIT's Resp. Br. Exs. 13–14, ECF No. 40 attach. 1. Counsel for the parties continued to meet-and-confer until the plaintiff filed the instant motion on June 27, 2012. *See id.* Ex. 15; Scriven Decl. Ex. 8, ECF No. 38 attach. 1.

The plaintiff's first noticed these depositions on February 11, 2012, very early in discovery period, and he engaged in a continuing meet-and-confer dialogue with the defendants throughout the five-month discovery period, ultimately re-noticing these depositions for specified dates in June, shortly before his discovery deadline. Based on this record, it is clear that the plaintiff was diligent in his pursuit of these depositions.

Accordingly, for good cause shown, the motion for an extension of discovery will be granted with respect to the eight depositions noticed by the plaintiff.

### II. *MOTION TO COMPEL DEPOSITIONS*

The plaintiff has also moved to compel the witnesses to appear and be deposed. The sole objection to these depositions being taken raised by the defendants is that the plaintiff has noticed more than five nonparty, non-expert depositions, in violation of the pretrial order in this case. *See* Rule 26(f) Pretrial Order ¶ 4 ("Depositions of nonparty, non-expert witnesses shall be limited to five (5) in number."), ECF No. 27.

The plaintiff has noticed the deposition of the following eight witnesses: (1) Thomas M. Little, President of ILA Local 1248, International Vice President of the International Longshoremen's Association, and a member of the Contract Board responsible for adjudicating management-labor disputes under the collective bargaining agreement; (2) Edmund L. Brown II, Recording Secretary and Business Agent of ILA Local 1248, International Vice President of the International Longshoremen's Association, and a member of the Contract Board; (3) Roger Giesinger, President of the Hampton Roads Shipping Association and a member of the Contract Board; (4) Arthur W. Moye, Jr., Executive Vice President of the Hampton Roads Shipping Association and a member of the Contract Board; (5) Joseph P. Ruddy, Chief Operating Officer of VIT and a member of the Contract Board; (6) Shawn Tibbetts, VIT's Director of Operations and Maintenance and a member of the Contract Board; (7) Mark D. Wilder, Terminal Manager of VIT's Portsmouth Marine Terminal; and (8) Sandi Jackson, a human resources administrator for VIT.

■ The defendants object on the ground that the plaintiff has noticed the deposition of eight nonparty witnesses. But their objection rests on the incorrect premise that none of these individuals, several of whom appear

to be officers or managing agents of the defendant organizations, are parties to this litigation. While VIT, a corporation, and ILA Local 1248, an association, are the nominal defendants in this case, they may be deposed only through the testimony of their officers, directors, managing agents, or other persons designated to testify on their behalf. *See* Fed. R. Civ. P. 30(b)(6). To the extent the plaintiff seeks to depose individuals in their capacity as officers or managing agents of these organizational defendants, those individuals are parties to this action for deposition purposes. *See In re Outsidewall Tire Litig.,* 267 F.R.D. 466, 469 n. 2 (E.D.Va.2010) (finding that three individuals whose deposition testimony was sought "in their capacity as officers or managing agents of the [organizational] defendants" were "parties to this action as that term is used in Rule 30(a)(1), and thus no subpoena is required to compel their deposition testimony"); *see also* Fed. R. Civ. P. 32(a)(3) ("An adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, [or] managing agent...."); Fed. R. Civ. P. 37(b)(2)(A) (subjecting "a party or a party's officer, director, or managing agent" to sanctions for failure to comply with discovery orders); Fed. R. Civ. P. 37(d)(1)(A)(i) (subjecting "a party or a party's officer, director, or managing agent" to sanctions for failure to appear for a properly noticed deposition, making a Rule 45 subpoena unnecessary to compel the deposition).

Three of the eight deponents are officers of the defendants. Little and Brown are officers of defendant ILA Local 1248. Ruddy is an officer of defendant VIT. None of the three counts toward the five nonparty, non-expert deposition limit imposed by the Rule 26(f) Pretrial Order.

 Based on the limited record before the Court, Tibbetts and Wilder appear to be managing agents of defendant VIT, whose depositions likewise do not count toward the five nonparty, non-expert deposition limit. In determining a person's managing agent status, the Court considers: "(1) the discretionary authority vested in the person by the corporation; (2) the employee's dependability in following the employer's directions; (3) whether the individual is more likely to identify with the corporation or the adverse party in the litigation; and (4) the degree of supervisory authority in areas pertinent to the litigation." *E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.,* 268 F.R.D. 45, 48–49 (E.D.Va.2010). Tibbetts is clearly a managing agent of defendant VIT: He is the Director of Operations and Maintenance for defendant VIT, responsible for all aspects of VIT's relationship with organized labor, he represents VIT as a member of the Contract Board, and he appears to be responsible for hiring decisions. Tibbetts Decl. (May 24, 2011) ¶1, ECF No. 6 attach. 1; Tibbetts Decl. (Aug. 15, 2011) ¶1, ECF No. 14 attach. 1; Moye Decl. Ex. E, ECF No. 41 attach. 4; Reese Dep. Tr. 23, 45–46, 189, 293, ECF No. 41 attachs. 5–7. Wilder's status is a closer question, but preliminarily, he should be treated as a managing agent: He was at one time the Terminal Manager of VIT's Portsmouth Marine Terminal, where he appears to have exercised hiring authority with respect to the plaintiff. Pl.'s Opp'n to Mot. to Dismiss and for Summ. J. Ex. 1, ECF No. 8 attach. 2. For present purposes, Wilder is also a managing agent of defendant VIT. *See id.* at 49 ("[W]hen managing agency status is a 'close question,' doubts should be resolved in favor of the examining party.").

That leaves three nonparty, non-expert depositions. Giesinger and Moye are officers of the Hampton Roads Shipping Association, which is not a party to this litigation. Based on the current record, Jackson is a mere employee of defendant VIT, not its officer, director, or managing agent.

The plaintiff has noticed eight depositions, but only three of them are nonparty, non-expert depositions. Accordingly, the objections of defendants VIT and ILA Local 1248 to the taking of these depositions are OVERRULED.

In the absence of a properly served subpoena, the Court can compel the depositions only of the five party witnesses: Little, Brown, Ruddy, Tibbetts, and Wilder. *See* Fed. R. Civ. P. 37(d)(1)(A)(i). The motion to compel will be granted with respect to these five witnesses. The motion to compel will be denied with respect to the three nonparty

witnesses, but without prejudice to a subsequent motion to compel based on a witness's failure to comply with a properly served Rule 45 subpoena.

### III. *CONCLUSION*

For the foregoing reasons, the Court ORDERS the following:

1. The plaintiff's motion for an extension of time to complete discovery is DENIED with respect to written discovery.

2. The plaintiff's motion for an extension of time to complete discovery is GRANTED with respect to the depositions of Thomas M. Little, Edmund L. Brown II, Roger Giesinger, Arthur W. Moye Jr., Joseph P. Ruddy, Shawn Tibbetts, Mark D. Wilder, and Sandi Jackson. The plaintiffs shall complete the depositions of these eight individuals no later than August 23, 2012.

3. The plaintiff's motion to compel is GRANTED with respect to the depositions of Thomas M. Little, Edmund L. Brown II, Joseph P. Ruddy, Shawn Tibbetts, and Mark D. Wilder. Within five days after the date of this Order, the plaintiff is DIRECTED to serve the defendants with amended notices of deposition with respect to each of these witnesses. Each of these witnesses is ORDERED to appear to be deposed at a time, date, and place directed by the plaintiff in the forthcoming amended notices of deposition. To the extent witnesses or counsel are not available to appear for deposition at the specified time, date, and place, the parties are ADMONISHED to meet and confer before filing any further motion to compel for a protective order, as required by Local Civil Rule 37(E).

4. The plaintiff's motion to compel is DENIED with respect to the depositions of Roger Giesinger, Arthur W. Moye Jr., and Sandi Jackson. Within five days after the date of this Order, the plaintiff is DIRECTED to serve the defendants with amended notices of deposition with respect to each of these witnesses, and to the extent that these witnesses are not prepared to testify voluntarily, the plaintiff is DIRECTED to serve each witness with a Rule 45 deposition subpoena. To the extent witnesses or counsel are not available to appear for deposition at the specified time, date, and place, the parties are ADMONISHED to meet and confer before filing any further motion to compel for a protective order, as required by Local Civil Rule 37(E).

5. The final pretrial conference currently scheduled to take place on August 24, 2012, at 11:00 a.m. shall be CONTINUED, and counsel for the parties are DIRECTED to meet-and-confer and contact the Magistrate Courtroom Deputies at (757) 222–7157 to reschedule the final pretrial conference for a mutually convenient date and time during the week of August 27 through 31, 2012.

6. The attorneys' conference currently scheduled to take place on August 17, 2012, at 2:00 p.m. in the office of counsel for plaintiff shall be CONTINUED, to be rescheduled for a mutually convenient date and time no earlier than the day after the completion of the last deposition in this case and no later than the day before the final pretrial conference.

7. If the parties are unable to resolve any dispute related to this Order or to the above-referenced depositions after having met and conferred in a good faith attempt to resolve their differences without judicial involvement, they are DIRECTED to contact the Magistrate Courtroom Deputies at (757) 222–7157 promptly to schedule a telephonic status conference.

IT IS SO ORDERED.